1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD MALOTT,                          No. 2:14-cv-01040-KJM-EFB

12                   Plaintiff,

13          v.                                 ORDER

14   PLACER COUNTY, et al.,[1]

15                   Defendants.

16

17          This matter is before the court on the motions by defendants Sacramento County,

18   Scott Jones, Javier Bustamante, Michelle Hendricks, and Darin Epperson (Sacramento County

19   defendants) and defendants Nevada County and David DeVogelaere (Nevada County defendants)

20   to dismiss plaintiff's second amended complaint under Federal Rule of Civil Procedure 12(b)(6).

21          [1] Plaintiff has identified certain Doe defendants. The Ninth Circuit has held that if a
22   defendant's identity is not known before the complaint is filed, a "plaintiff should be given an
     opportunity through discovery to identify the unknown defendants." *Wakefield v. Thompson*, 177
23   F.3d 1160, 1163 (9th Cir. 1999) (quotation marks omitted) (quoting *Gillespie v. Civiletti*, 629
     F.2d 637, 642 (9th Cir. 1980)). Plaintiffs are warned, however, that Doe defendants will be
24   dismissed if "it is clear that discovery would not uncover the[ir] identities, or that the complaint
     would be dismissed on other grounds." *Id.* (quotation marks omitted) (quoting *Gillespie*, 629
25   F.2d at 642). Plaintiffs are also warned that Federal Rule of Civil Procedure 4(m) is applicable to
     Doe defendants. That rule provides the court must dismiss defendants who have not been served
26   within 120 days after the filing of the complaint unless good cause is shown. *See Glass v. Fields*,
     No. 09-00098, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v.*
27   *Does*, No. 11-01567, 2011 U.S. Dist. LEXIS 109837, at *2–4 (N.D. Cal. Sep. 27, 2011).

28

                                                   1

(ECF Nos. 47, 50.)  Plaintiff opposes the motions (ECF Nos. 52, 53), and the Sacramento and Nevada County defendants have replied (ECF Nos. 54, 55).  The court held a hearing on the matters on March 27, 2015.  Stewart Katz appeared for plaintiff, Scott McLeran appeared for Nevada County defendants, and Robert Chalfant appeared for Sacramento County defendants.  As explained below, the court GRANTS in part and DENIES in part defendants' motions.

I.        PLAINTIFF'S ALLEGATIONS AND PROCEDURAL BACKGROUND

On or about April 25, 2013, Sacramento County Sheriff Deputies Bustamante and Epperson stopped plaintiff for rolling through a stop sign, found a gun on his person, arrested him for carrying a concealed weapon without a permit, searched his Jeep, and seized his diary, among other things.  (Compl., ECF No. 46 ¶¶ 25–38.)  During the search of the Jeep, plaintiff, handcuffed in the back of Bustamante's and Epperson's patrol car, began to experience "extreme physical distress."  (*Id.* ¶ 39.)  He told the officers he believed he was suffering from a heat stroke.  (*Id.* ¶¶ 40–41.)  The officers refused to call for medical assistance, believing plaintiff was faking his symptoms.  (*Id.* ¶ 42.)  As plaintiff was leaning against the patrol car door, Bustamante opened the door, causing plaintiff's head to fall out; Bustamante then closed the door on plaintiff's head and then shoved it back into the car.  (*Id.* ¶ 43.)

Bustamante told Epperson plaintiff was "playing them" and so, as plaintiff's head was leaning against the back of the passenger seat, Bustamante twice used a small, hard object to push on his sternum, looking for a reaction.  (*Id.* ¶¶ 44–47.)  These "sternum rubs" were painful and caused bruising.  (*Id.* ¶ 47.)  During both sternum rubs, defendant Epperson was sitting in the front passenger seat of the same patrol car.  (*Id.* ¶¶ 48–49.)

Plaintiff alleges defendant Sheriff Jones was aware of Bustamante's propensity to use unreasonable force, as the County had just settled a lawsuit stemming from Bustamante's killing of an unarmed man.  (*Id.* ¶ 55.)  At the same time, Sacramento County allegedly declines to track the number of reported instances of force by officer and fails to undertake the proper training and discipline of officers whose conduct suggests they are at high risk of using force. (*Id.* ¶ 56.)

On April 29, 2013, plaintiff initiated a citizen's complaint in Sacramento County

1  concerning Bustamante's and Epperson's actions.  (*Id.* ¶ 95.)  Although Sheriff's personnel asked

2  for plaintiff's medical records, plaintiff was unable to contact the officer who had requested the

3  information.  (*Id.* ¶¶ 97–99.)  In a letter dated October 10, 2013, defendant Jones rejected

4  plaintiff's citizen complaint.  (*Id.* ¶ 100.)

5  Later Bustamante and Epperson gave plaintiff's diary to defendant Hendricks, a

6  detective with the Sheriff's Department, who was part of a task force designed to target plaintiff.

7  (*Id.* ¶¶ 59–60.)  Despite the diary's benign contents, Hendricks copied portions of it and showed

8  these to plaintiff's former girlfriend and his close friend.  (*Id.* ¶¶ 62–63.)  As a result of

9  Hendricks' encouragement, plaintiff's former girlfriend filed a request for a restraining order in

10  Placer County Superior Court.  (*Id.* ¶ 73.)  The request was granted.  (*Id.*)

11  Sometime later, Placer County Sheriff's Deputies entered plaintiff's property

12  located in Nevada County without a warrant.  (*Id.* ¶ 80.)  On at least one occasion, the Nevada

13  County Sheriff's Department assisted in the warrantless search of plaintiff's property by

14  providing Placer County Sheriff's Deputies with the code to open the locked security gate

15  surrounding plaintiff's property.  (*Id.* ¶ 82.)

16  Even though plaintiff reported these actions to defendant DeVogelaere, a Nevada

17  County Sheriff's Deputy, DeVogelaere developed a pretextual reason for the Placer County

18  authorities' entry onto plaintiff's property.  (*Id.* ¶¶ 85–87.)  DeVogelaere was aware of Placer

19  County's numerous illegal entries onto plaintiff's property and assisted in a cover-up of these

20  actions.  (*Id.* ¶ 84.)

21  Plaintiff's second amended complaint contains thirteen claims.  In their motions,

22  the Sacramento County and Nevada County defendants do not seek to dismiss all the claims.  The

23  Sacramento County defendants seek dismissal of: claim number one, unreasonable force under

24  the Fourth Amendment against Epperson; and claim number ten, conspiracy to violate plaintiff's

25  Fourth Amendment rights in the search of his diary against Bustamante, Epperson, Hendricks.[2]

26

27  [2] The complaint also alleges a Placer County defendant Matt Hardcastle participated in
this conspiracy, but the Sacramento County defendants do not address his involvement.

28

1   The Nevada County defendants seek dismissal of claim eleven, conspiracy to violate plaintiff's

2   Fourth Amendment rights in the search of his property against DeVogelaere and Nevada County.

3   The Placer County defendants have not filed a motion to dismiss, so the claims against them are

4   not discussed here.

5   II.   LEGAL STANDARD ON MOTION TO DISMISS

6   　　　Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a

7   complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss

8   "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a

9   cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10   　　　Although a complaint need contain only "a short and plain statement of the claim

11   showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), to survive a motion to

12   dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim

13   to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

14   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something

15   more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

16   conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'"  *Id.* (quoting

17   *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss

18   for failure to state a claim is a "context-specific task that requires the reviewing court to draw on

19   its judicial experience and common sense."  *Id.* at 679.  Ultimately, the inquiry focuses on the

20   interplay between the factual allegations of the complaint and the dispositive issues of law in the

21   action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

22   　　　In making this context-specific evaluation, this court "must presume all factual

23   allegations of the complaint to be true and draw all reasonable inferences in favor of the

24   nonmoving party."  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  This rule

25   does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478

26   U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, to "allegations that contradict matters

27   properly subject to judicial notice," or to material attached to or incorporated by reference into the

28   complaint, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

4

1    III.    DISCUSSION

2           A.    Sacramento County's Motion to Dismiss

3                   1.    First Claim: Excessive Force Against Epperson

4                   Defendants assert plaintiff's second amended complaint does not state a claim

5    showing Epperson's involvement in Bustamante's alleged use of force.  (ECF No. 50-1 at 4.)

6    Even though Epperson was allegedly sitting in the front seat of the patrol vehicle at the time,

7    defendants argue there are no factual allegations suggesting Epperson personally participated in

8    Bustamante's alleged applications of force.  (*Id.* at 5.)  Furthermore, they argue there is no

9    indication in the second amended complaint that Epperson even had an opportunity to intervene

10   because Epperson was sitting in the front seat of the patrol car and plaintiff was seating in the

11   back.  (*Id.* at 5–6.)

12                  Plaintiff responds that Bustamante's statement that plaintiff was "playing them"

13   alerted Epperson to the use of force.  (ECF No. 52 at 4.)  Additionally, plaintiff argues Epperson

14   had enough time to intercede between being alerted to the use of force and the actual use of force,

15   including the two sternum rubs, which lasted 10 to 25 seconds each.  (*Id.*)  Moreover, plaintiff

16   asserts that he could see Epperson, who was sitting in the front seat "the entire time . . .

17   Bustamante was performing each sternum rub" (*id.* at 5), which, he argues, implies Epperson

18   could likewise see him (*id.*).

19                  In reply defendants claim the complaint only shows that Epperson was present,

20   and any contrary argument must rely on conclusory statements.  (ECF No. 54 at 2–4.)  They also

21   point out the complaint does not allege Epperson witnessed the two sternum rubs.  (*Id.* at 3–4.)

22                  A claim under 42 U.S.C. § 1983 has two elements: (1) a violation of a federal

23   constitutional or statutory right (2) committed by a person acting under the color of state law.

24   *Long v. Cnty. Of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  In addition, the person acting

25   under color of state law must have personally participated in the acts giving rise to the claim or

26   "set in motion a series of acts by others which the actor knows or reasonably should know would

27   cause others to inflict the constitutional injury."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

28   1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  A defendant is a personal participant

in an alleged deprivation of rights "'if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation . . . .'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson*, 588 F.2d at 743) (emphasis in original); *see also Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) (foreclosing group liability for constitutional violations).

Even when a defendant does not inflict the constitutional injury himself, he may be liable if he failed to intervene to prevent others' actions: "'police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen.'" *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (quoting *Koon v. United States*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996). However, officers may be liable under a failure-to-intercede theory only when they have the opportunity to do so. *Id.* As one district court has said, to proceed on a failure to intervene claim, "plaintiff must show that the defendant-bystanders had enough time to observe what was happening and to intervene to stop it." *Harrison v. Hedgpeth*, No. 12-0963, 2014 WL 46701, at *8 (N.D. Cal. Jan. 6, 2014).

The court's original order dismissed this claim because, among other reasons, plaintiff had not alleged Epperson was close to or in the vehicle. Now plaintiff alleges Epperson was not only in the vehicle at the time, but could see plaintiff and Bustamante, and could have intervened but did not. Construed in the light most favorable to plaintiff, these allegations are sufficient at this stage to identify Epperson as an integral participant in the alleged violation. Although plaintiff relies on an assumption that Epperson could see him because he saw Epperson, that assumption is not wholly implausible; all plaintiff must do is to allege sufficient factual matter to state a claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff has done that here. Accordingly, the Sacramento County defendants' motion to dismiss this claim is DENIED.

        2.        Tenth Claim: Conspiracy Against Bustamante, Epperson, and Hendricks

Defendants argue plaintiff's complaint does not state a claim because he has not alleged sufficient facts to meet the Ninth Circuit's heightened pleading standard for conspiracy

1    claims.  (ECF No. 50-1 at 4–5.)  Specifically, defendants argue the complaint is insufficient

2    because the factual allegations do not plausibly establish a meeting of defendants' minds.  (*Id.* at

3    5.)  Plaintiff has not alleged Bustamante reproduced or disseminated the diary; rather, he says he

4    simply booked it into evidence.  (ECF No. 54 at 4–5.)  Defendants point out the absence of any

5    allegations they ever discussed the diary's contents.  (*Id.* at 5–6.)

6          Plaintiff counters the Ninth Circuit no longer imposes a heightened pleading

7    standard on conspiracy claims.  (ECF No. 52 at 5 n.1.)  He also argues a meeting of the minds

8    may be inferred from circumstantial evidence, for example, from the defendants' actions.  (*Id.* at

9    6.)  As such, reproducing and disseminating the alleged illegally seized diary establishes

10   sufficient evidence to infer a meeting of the minds.  Additionally, plaintiff correctly notes that his

11   initial complaint raised this same claim, and that the defendants did not contest its adequacy in

12   their initial motion to dismiss.  He argues, therefore, that should the complaint's factual

13   allegations fall short, he should be afforded an opportunity to correct the deficiency.  He suggests

14   an amended complaint could include allegations of the relevant, publicly available reports.  (*Id.* at

15   7.)

16          The elements of a conspiracy claim under section 1983 are (1) the existence of an

17   agreement, either express or implied, to deprive plaintiff of his constitutional rights and (2) a

18   deprivation of rights resulting from the agreement.  *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir.

19   2010).  Although the conspiratorial agreement need not be overt, a complaint must include some

20   factual basis to support the inference defendants' acts were propelled by the agreement.

21   *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999); *Harris v.*

22   *Clearlake Police Dep't*, No. 12-0864, 2012 WL 3042942, at *9 (N.D. Cal. July 25, 2012).  The

23   plaintiff "must state specific facts to support the existence of the claimed conspiracy."  *Buckey v.*

24   *Cnty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992); *Burns v. Cnty. of Kings*, 883 F.2d 819,

25   821 (9th Cir. 1989).  Allegations in a complaint "may not simply recite the elements of a cause of

26   action, but must contain sufficient allegations of underlying facts . . . ."  *AE ex rel. Hernandez v.*

27   *Cnty. Of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).  Vague claims that defendants were involved

28   in a conspiracy to deprive plaintiff of his rights will not suffice.  *See Hansen v. Black*, 885 F.2d

642, 646 (9th Cir. 1989); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 937 (9th Cir. 2012) (noting conclusory conspiracy allegations are insufficient to provide notice to defendants); *Cabrera v. Maddock*, No. 10-00611, 2015 WL 3466398, at *7 (E.D. Cal. June 1, 2015) (noting "a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983").

Here, plaintiff alleges that Bustamante and Epperson, after seizing the diary and forwarding it to Hendricks, entered into a conspiracy to reproduce and disseminate the diary for unlawful purposes.  (ECF No. 52 at 6.)  These allegations are vague and conclusory recitations of the bare-bone elements of conspiracy stripped of any meaningful detail.  A meeting of the minds does not plausibly follow from the lone fact of the defendants' reproduction and distribution of the diary.  These allegations do not establish "some factual basis to support the inference that defendants' acts were propelled by the agreement."  *Mendocino*, 192 F.3d at 1301.  However, this is the defendants' first challenge of this claim.  Plaintiff has suggested additional factual allegations he would include in an amended complaint.  Accordingly, the Sacramento County defendants' motion to dismiss plaintiff's claim for conspiracy is GRANTED with leave to amend if plaintiff can do so consonant with Rule 11.

B.      Nevada County's Motion to Dismiss

1.      Eleventh Claim: Conspiracy Against DeVogelaere and Nevada County

Plaintiff claims defendant DeVogelaere conspired to violate plaintiff's Fourth Amendment rights, alleging some of the Placer County defendants entered his property on more than one occasion in August 2013.  (ECF No. 46 at 24.)  Plaintiff also claims DeVogelaere supplied the Placer County defendants with the code to his security gate, concealed their illegal conduct, conspired to fabricate a pre-textual reason for the entries, and failed to document the actions of Placer County law enforcement.  (*Id.* at 24–25.)

Defendants argue plaintiff's second amended complaint has failed to allege any facts or claims against Nevada County.  (ECF No. 48 at 4–6.)  Defendants also argue an agreement to violate plaintiff's rights cannot be implied simply because DeVogelaere gave Placer County law enforcement a code to his property, saying there is nothing demonstrating the code

1  was confidential and could not be disclosed to law enforcement.  (*Id.* at 7.)  Defendants further

2  argue that "[p]laintiff has failed to allege any facts to demonstrate he had a legally cognizable

3  privacy interest in the . . . property."  (*Id.*)  Moreover, they claim DeVogelaere is entitled to

4  qualified immunity.  (*Id.* at 10–13.)

5         Plaintiff counters his privacy interest lies in his residence in a home located on the

6  Malott Ranch.  (ECF No. 53 at 4.)  He cites *Minnesota v. Olsen*, 495 U.S. 91 (1990), suggesting

7  "[e]ven an ordinary overnight guest has sufficient privacy interest in a residence to establish

8  Fourth Amendment standing."  (*Id.* at 4.)  Plaintiff also dismisses defendants' assertion that

9  DeVogelaere is entitled to qualified immunity.  (*Id.* at 6-8.)

10        In reply, defendants say that plaintiff's complaint fails to demonstrate any

11  evidence aside from conclusory arguments tending to prove DeVogelaere conspired with others

12  to violate plaintiff's rights.  (ECF No. 55 at 5–6.)

13        Here, plaintiff agrees Nevada County's inclusion was inadvertent, and the

14  complaint does not adequately allege Nevada County's policy or custom was the moving force

15  behind the alleged constitutional violations.  Accordingly, the motion to dismiss is GRANTED

16  with prejudice as to Nevada County.

17        Moreover, the complaint does not adequately describe DeVogelaere's involvement

18  in a conspiracy.  Plaintiff contends his pleading is sufficient because it shows DeVogelaere

19  acquiesced in Placer County law enforcement's illegal activities.  (ECF No. 55 at 5–6.)  However,

20  plaintiff has not adequately pled how DeVogelaere's supplying the Placer County defendants

21  with the code to his security gate constitutes a conspiracy.  In fact, a more plausible

22  understanding of DeVogelaere's conduct is his knowledge of the outstanding felony firearm

23  charges against plaintiff, the restraining order against plaintiff, and the belief that the Placer

24  County defendants intended to complete a legitimate welfare check of the Malott property.  While

25  it gives the court pause that Placer County law enforcement performed a welfare check on a

26  Nevada County resident, the facts as currently pled do not adequately implicate DeVogelaere in a

27  conspiracy.

28

9

Nevada County defendants also reassert that DeVogelaere, as a law enforcement officer, is entitled to qualified immunity.  (ECF No. 55 at 7–8.)  Here, because the facts alleged do not support a claim that DeVogelaere violated plaintiff's constitutional rights, the court need not reach the question of qualified immunity.  Defendants' motion to dismiss is GRANTED as to the claim against defendant DeVogelaere.  Plaintiff is given leave to amend if he can do so consonant with Rule 11.

IV.     <u>CONCLUSION</u>

For the foregoing reasons, the court orders as follows:

1.  The Sacramento County defendants' motion to dismiss plaintiff's claim against defendant Epperson arising out of the use of excessive force is DENIED.

2.  The Sacramento County defendants' motion to dismiss plaintiff's conspiracy claim against defendants Bustamante, Epperson, Hendricks is GRANTED with leave to amend.

3.  The Nevada County defendants' motion to dismiss plaintiff's claim of conspiracy against defendant Nevada County is GRANTED with prejudice.

4.  The Nevada County defendants' motion to dismiss plaintiff's claim of conspiracy against defendant DeVogelaere is GRANTED with leave to amend.

5.  Plaintiff's third amended complaint is due within twenty-one (21) days of the date of this order.

6.  This order resolves ECF Nos. 47, 50.

IT IS SO ORDERED.

DATED: June 17, 2015.

_____
UNITED STATES DISTRICT JUDGE