UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MALOTT, | No. 2:14-cv-01040-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| PLACER COUNTY, et al., | |
| Defendants. | |

On March 11, 2016, the court issued a status (pretrial scheduling) order. ECF No. 86. Among other provisions, the order noted this case "will proceed on plaintiff's Third Amended Complaint, with the understanding the court's prior dismissal of claims is without prejudice." *Id.* at 2. The court allowed objections within fourteen days. *Id.* at 10. The defendants objected to the statement excerpted above, citing this court's order of November 14, 2014, ECF No. 38. That order granted a motion to dismiss claims two, four, seven, and eight of the original complaint "without leave to amend." *Id.* at 21. The court did not expressly order that these claims were dismissed "with prejudice."

Claim two, a claim under the California Bane Act, Cal. Civ. Code § 52.1, was dismissed because the court found plaintiff Richard Mallott had not alleged, and likely could not allege, that Deputy Darin Epperson's failure to intervene was accompanied by threats,

1

intimidation, or coercion, as required in a Bane Act claim. *Id.* at 8 (citing *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007)). In other words, the court found that officers who fail to intervene are not liable under the Bane Act, because one cannot fail to intervene by using threats, intimidation, or coercion. *See id.*; *accord Marconi v. Officer One*, No. 05-1978, 2006 WL 2827862, at *9 (N.D. Cal. Oct. 3, 2006) ("Although there is authority establishing liability for an individual who fails to intervene under § 1983, there is no authority for imposing liability . . . under the Bane or Ralph Acts for failure to intervene."). The court therefore sustains this objection and clarifies that its prior order dismissed claim two of the original complaint with prejudice and without leave to amend.

Claims four, seven and eight, however, were dismissed upon Mallott's concession to dismissal in his opposition brief. *See* Order Nov. 14, 2014 at 4; Opp'n Mot. Dismiss at 14, 19, ECF No. 32. The court therefore overrules the defendants' objection to this extent and clarifies that its prior order dismissed claims four, seven and eight of the original complaint without leave to amend, but without prejudice to refiling in another appropriate venue. *See also* Fed. R. Civ. P. 41(a)(1)(B), (2) (a plaintiff's stipulation to dismissal is construed to be without prejudice absent a provision to the contrary, and a court's order dismissing a claim at the plaintiff's request is without prejudice unless the order notes otherwise).

The objection, ECF No. 89, is SUSTAINED IN PART: the court's prior order, ECF No. 38, dismissed the original complaint's second claim with prejudice and without leave to amend, and dismissed the original complaint's fourth, seventh and eighth claims without prejudice but without leave to amend. The status (pretrial scheduling) order, ECF No. 86, is hereby amended to this extent.

IT IS SO ORDERED.

DATED: May 3, 2016.

_____
UNITED STATES DISTRICT JUDGE